## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: **)** | **Case No. 14-41972-kw** |
| **ERIC LEE BRANDENBURG,** **)** | |
| **)** | |
| Debtor. **)** | Chapter 13 |
| **)** | |
| **)** | |
| **)** | Hon. Kay Woods |
| _____ **)** | |
| **)** | **Adv. Case No.** |
| **ERIC LEE BRANDENBURG,** **)** | |
| **)** | |
| Plaintiff, **)** | |
| **vs.** **)** | *Adversary Complaint Objecting* |
| **)** | *to Claim No. 1-1 and for* |
| **CAVALRY INVESTMENTS, LLC,** **)** | *Damages for Violation of FDCPA,* |
| ℅ CT Corporation System **)** | *Fraud on the Court, Invasion of* |
| 1300 East 9th Street **)** | *Privacy and Violation of the Ohio* |
| Cleveland, Ohio 44114 **)** | *Consumer Sales Practices Act* |
| **)** | |
| Defendant. | |

---

### ADVERSARY COMPLAINT OBJECTING TO CLAIM NO. 1-1 AND FOR DAMAGES FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, FRAUD ON THE COURT, INVASION OF PRIVACY AND VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT

---

Debtor, Eric Lee Brandenburg ("Eric"), by and through his undersigned attorneys, for his adversary complaint against Cavalry Investments, LLC ("Cavalry") stating his objection to Claim No. 1-1 and for damages for violations of the Fair Debt Collection Practices Act, fraud upon the Court,

invasion of privacy and violation of the Ohio Consumer Sales Practices Act, states and alleges as follows:

## INTRODUCTORY STATEMENT

1.     Eric brings this action against Cavalry to enforce his rights, including the right to recover actual, statutory, and punitive damages, cost and attorney's fees, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") for Cavalry's violations of FDCPA. Eric also objects to Claim No. 1-1 and seeks redress for Cavalry's fraud upon the Court. Related state law claims are asserted for Cavalry's invasion of privacy and violation of the Ohio Consumer Sales Practices Act, O.R.C. §1345.01.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3.     Pursuant to General Order No. 2012-7 and as authorized by 28 U.S.C. § 157(a), the United States District Court for the Northern District of Ohio has referred to this Court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11…"

4.     This action is a core proceeding pursuant to 28 U.S.C. § 157(b) as this is a matter that arises in and is related to the bankruptcy case, ***In re Eric Lee Brandenburg***, Case No. 14-41972-kw (the "Bankruptcy Case"), presently pending under title 11 in this Court.  This adversary case involves,

*inter alia*, "matters concerning the administration of the estate" [§157(b)(2)(A)], the "allowance or disallowance of claims against the estate…" [§157(b)(2)(B)] and "other proceedings affecting the liquidation of the assets of the estate…" [§157(b)(2)(O)].

5.    This adversary case also involves claims that are otherwise related to a case under title 11 [the Bankruptcy Case] and this Court has jurisdiction of those claims pursuant to 28 U.S.C. § 157(c)(1) and General Order No. 2012-7. Plaintiff consents to the entry of a final order in this proceeding by this Court.   This Court has subject matter jurisdiction conferred by 15 U.S.C.§ 1692 and 28 U.S.C. §§ 157 and 1334.

6.    Venue in this District is proper under 28 U.S.C. §§ 1391(b), 1408 and 1409. Plaintiff has resided in this District for over one hundred eighty days preceding commencement of this action and the Bankruptcy Case was filed and is pending in this District. Defendant conducts business in this District, filed a proof of claim in a case pending in this District, the conduct complained of took place in this District and the Defendant is registered to do business in this District.

## PARTIES

7.    Eric resides at 3488 Pritchard Ohltown Road, Newton Falls, Ohio. He is a "consumer" under 15 U.S.C. § 1692a(3) or § 1692c(d) because he is a natural person allegedly obligated to pay a debt to Cavalry.

8.     On September 24, 2014, Eric filed a voluntary petition for relief pursuant to chapter 13 of the Bankruptcy Code, 11 U.S.C. § 301(a), and an order for relief was entered pursuant to 11 U.S.C. § 301(b) commencing the Bankruptcy Case.

9.     Cavalry is a limited liability company organized and existing under the laws of the State of Delaware. Cavalry is registered in Ohio as a foreign limited liability company authorized to do business in Ohio. Cavalry's registered agent in Ohio is : C T Corporation System, 1300 East 9th Street, Cleveland, Ohio 44114. Cavalry regularly does business in this District by collecting debts owed and by filing claims in bankruptcy cases pending in this district.

10.     Cavalry is a "debt collector" under 15 U.S.C. § 1692a(6) because Cavalry regularly acquires delinquent consumer debts for collection. Cavalry also regularly uses the mails in its business.

11.     Cavalry purchases distressed debt portfolios from banks, consumer finance companies, public utilities, and creditors in the United States. It purchases various types of consumer receivable portfolios, including credit card, medical, utilities, telecom, and commercial receivables; auto charge-offs and deficiencies; and installment and unsecured revolving loans.

## FACTUAL ALLEGATIONS

12. On September 25, 2014, Cavalry filed a sworn proof of claim (Doc. Claim No. 1-1) in Eric's Bankruptcy Case. A true and correct copy of that claim is attached as Exhibit A. In its claim, Cavalry alleged that Eric was originally obligated to FNAB Bank Cards for a consumer credit card debt incurred in Ohio in the amount of $587.40 ("Eric's FNAB debt") and that this debt was sold and assigned to Cavalry. Claim No. 1-1 was executed by Cavalry's authorized agent: "Eric Weiss, Bankruptcy Specialist, Cavalry Portfolio Services, LLC" and with the following affirmation: "I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information and reasonable belief."

13. Cavalry did not claim that Eric's FNAB debt was based upon a writing, express or implied, and did not attach a writing to Claim No. 1-1.

14. Eric's FNAB debt arises out of transactions which are "primarily for personal, family or household purposes." Eric's FNAB debt is a "consumer debt" within the meaning of the FDCPA.

15. By filing Claim No. 1-1, Cavalry sought to collect a consumer debt which it represented and claimed was owed by Eric to Cavalry and for which it sought payment in the Bankruptcy Case.

16. In its claim (Claim No. 1-1), Cavalry states that the Eric's FNAB debt was charged off on April 11, 2000 and that the date of last payment

and last transaction were August 8, 1999. Cavalry made these statements pursuant to Bankruptcy Rule 3001.

17.    Eric agrees that he has not had any transaction and has not made any payment relevant to the FNAB debt subsequent to August 8, 1999.  Eric did not list the FNAB debt in his bankruptcy schedules (Bankr. Doc. 1), because he had no reason to believe that he owed this debt. This position was verified by the absence of any trade-lines in favor of FNAB or Cavalry on any of his pre-petition consumer credit reports. Eric's FNAB debt was in default prior to Calvary's purchase of that debt.  Claim No. 1-1 indicates that the Eric's FNAB debt was charged off on April 11, 2000 and that it was sold and assigned to Cavalry on September 1, 2003.

18.    At the time that Cavalry filed Claim No. 1-1, there existed in Ohio a statute limiting the collection of a debt on an unwritten contract. Ohio Revised Code § 2305.07 states: "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

19.    Under Ohio law, Cavalry was, as of the date that it filed Claim No. 1-1 on September 25, 2014, barred from collecting Eric's FNAB debt from Eric in either state or federal court. Cavalry's claim, if any, arose more

than six years prior to September 25, 2014 or September 24, 2014, the date this case was filed.

20.  At the time that Cavalry filed Claim No. 1-1, Cavalry did not have a "claim" as defined by 11 U.S.C. § 101(5) because Cavalry did not have a "right to payment" from Eric or his bankruptcy estate.

21.  Cavalry fails to maintain systems and procedures which could prevent the filing of time barred claims in bankruptcy cases.

22.  Cavalry has engaged in a pattern and practice of filing time barred claims in bankruptcy cases. Cavalry has done so knowingly and intentionally as a part of a scheme to improperly obtain payment from consumer bankruptcy cases on time barred debts.

## COUNT I
## CAVALRY'S VIOLATION OF FDCPA

1-22. Plaintiff incorporates paragraphs 1-22.

23.  Cavalry violated §§ 1692e and 1692f of the FDCPA.  Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e furnishes a nonexclusive list of prohibited practices, including the following: false representation of the character, amount, or legal status of any debt, § 1692e(2)(A); threat to take any action that cannot legally be taken, §

1692e(5); and use of any false representation or deceptive means to collect or attempt to collect any debt, § 1692e(10).

24.    Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id*. § 1692f.

25.    By filing Claim No. 1-1 and by attempting to collect a debt which it could not legally collect, Cavalry violated the FDCPA. Any action to collect that debt was barred by Ohio's statute of limitations, Ohio Revised Code § 2305.07, because the cause of action accrued more than six years prior to September 25, 2014 or September 24, 2014, the date this case was filed. Because Cavalry did not have the right to collect Eric's FNAB debt, Cavalry's allegation to the contrary in its proof of claim is a "false representation" of the "character" and "amount" of Eric's FNAB debt.

26.    Cavalry misrepresented the legal status of the Eric's FNAB debt in violation of the FDCPA, claiming that it was a debt it could collect. Cavalry threatened to take an action to collect a debt which could not be legally taken.

27.    Cavalry used a deceptive means to attempt to collect Eric's FNAB debt by using the Bankruptcy Court and the proof of claims process in a manner prohibited by law.

28.     Cavalry engaged in conduct the natural consequence of which is to harass, oppress, or abuse Eric in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

29.     Cavalry's conduct was intentional, undertaken in bad faith, knowingly, and/or in gross or reckless disregard of Eric's rights and not as a result of any bona fide error.

30.     Cavalry's filing of a time barred proof of claim against Eric's FNAB debt in the Bankruptcy Case was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of § 1692e and § 1692f.

31.     Eric has suffered actual damages due to the conduct of Calvary and its violation of the FDCPA.

32.     Eric is entitled to statutory damages in the amount of $1,000.00, costs and reasonable attorney's fees. 15 U.S.C. § 1692k.

**WHEREFORE**, Eric prays for the entry of judgment in his favor and against Cavalry finding that Cavalry intentionally violated the FDCPA, awarding Eric compensatory damages, statutory damages of $1,000, costs and reasonable attorney's fees, and for such other and further relief as is just and proper.

## COUNT II
## CAVALRY'S FRAUD ON THE COURT

1-32. Plaintiff incorporates paragraphs 1-32.

33.     Cavalry Filed Claim No. 1-1 with actual knowledge that this claim was barred by Ohio's statute of limitations.

34.     Cavalry's conduct constitutes a fraud on the Court in that Cavalry has knowingly and fraudulently filed a claim in this Bankruptcy Case in violation of 18 U.S.C. §§ 152 and 3571. Section 152 makes it a criminal offense subject to a fine and imprisonment of up to five years for any person who "knowingly and fraudulently" "makes a false oath or account in or in relation to any case under title 11," [1] or "makes a false declaration, certificate , verification, or statement under penalty of perjury" [2]or "presents any false claim for proof against the estate of a debtor" [3]or receives any material amount of property from a debtor after the filing of a case under title 11, with intent to defeat the provisions of title 11."[4]

35.     This Court has authority under Section 105(a) of Title 11 of the United States Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

36.     This Court also has authority under Bankruptcy Rule 9011. Rule 9011 is the bankruptcy equivalent of Rule 11 of the Federal Rules of Civil Procedure. Anyone who presents ("whether by signing, filing, submitting or later advocating") a particular position to the court ("a petition, pleading, written motion, or other paper") has an affirmative obligation to conduct a

---

[1] 11 U.S.C. § 152(2).
[2] 11 U.S.C. § 152(3)
[3] 11 U.S.C. § 152(4)
[4] 11 U.S.C. § 152(5)

reasonable investigation into both the law and the facts before doing so and that inquiry must lead to the conclusion that the presenter's position is warranted by existing law or a non-frivolous argument. *See*, ***In re Cassell***, 254 B.R. 687, 691 (6th Cir. BAP 2000) ("Proofs of claim must meet the standards of [Rule 9011]"); ***In re Rogers***, 391 B.R. 317, 323 (Bankr. M.D. La. 2008) ("Bankruptcy Rule 9011 can be used to sanction a creditor that files a proof of claim without proper pre-filing investigation and support, or that otherwise violates Rule 9011." (collecting cases)); ***In re Dansereau***, 274 B.R. 686, 688-89 (Bankr. W.D. Tex. 2002); ***In re Knox***, 237 B.R. 687, 697 (Bankr.N.D. Ill. 1999). *See also*, ***Adair v. Sherman***, 230 F.3d 890, 895 n.8 (7th Cir. 2000) ("debtors facing fraudulent proofs claim should seek sanctions under [Rule 9011(b)].").

37.    Cavalry failed to conduct an adequate investigation in this case. The fact that its Claim No. 1-1 was barred by Ohio's statute of limitations was patently obvious from the materials attached to Cavalry's claim and its own statements as to the date of charge off, last payment and last transaction.

38.    Cavalry has exhibited a pattern and practice of willfully and intentionally failing to comply with the Rules of Bankruptcy Procedure and the Bankruptcy Code in connection with the filing time barred claims in bankruptcy cases. It has done so knowingly and intentionally as a part of a

scheme to improperly obtain payment from consumer bankruptcy cases on time barred debts.

39.    This Court should impose sanctions against the Cavalry for filing improper, fraudulent and time barred claims in this case.

40.    Eric has suffered actual damages due to the conduct of Cavalry in that he has been forced to expend time and resources to challenge Cavalry's claim and to protect his rights. He has incurred attorney's fees and expenses as a result.

41.    This Court has had to expend valuable judicial resources to resolve Cavalry's claim.

42.    Left unchallenged, Cavalry's conduct would have resulted in payment on its claim from Eric's bankruptcy estate to the detriment of all other creditors with allowed claims.  Those creditors would have received a proportionately smaller distribution and would thus suffer economic damage due to Cavalry's conduct.

43.    Left unpunished, Cavalry will not be deterred from continuing its conduct and will further undermine the bankruptcy process, harm debtors, damage other creditors and waste judicial resources.

44.    The fraudulent claims which Cavalry routinely files may often be small relative to all the claims in any given estate. This should not obscure the fact that when this conduct is repeated tens of thousands of times in bankruptcy cases across the country Cavalry reaps substantial, unjustified

payments totaling millions of dollars annually at the expense of debtors and valid claimants. The conduct of Cavalry is nothing short of theft conducted under the guise of the United States Bankruptcy Court. This Court is empowered and compelled to put an end to this practice.

**WHEREFORE**, Eric prays for the entry of judgment in his favor and against Cavalry sustaining Eric's objection to the allowance of Claim No. 1-1, finding that Cavalry intentionally committed fraud upon the Court, awarding Eric compensatory damages, punitive damages, costs and reasonable attorney's fees, and for such other and further relief as is just and proper.

### COUNT III
### CAVALRY'S INVASION OF PRIVACY

1-44. Plaintiff incorporates paragraphs 1-44.

45. Cavalry intentionally interfered, physically or otherwise, with the solitude, seclusion, and/or private concerns or affairs of Eric.

46. Eric had a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns or affairs.

47. Calvary's intrusion occurred in a way that would be highly offensive to a reasonable person in the position of Eric.

48. Eric suffered actual damages due to the conduct of Cavalry and have incurred costs and attorneys' fee.

**WHEREFORE**, Eric prays for the entry of judgment in his favor and against Cavalry finding that Cavalry intentionally invaded the privacy of Eric, awarding Eric compensatory damages, punitive damages, costs and

reasonable attorney's fees, and for such other and further relief as is just and proper.

## COUNT IV
## CAVALRY'S VIOLATION OF THE
## OHIO CONSUMER SALES PRACTICES ACT

1-48. Plaintiff incorporates paragraphs 1-48.

49.  At all relevant times, there existed in Ohio a certain statute commonly referenced as the Ohio Sales Practices Act, O.R.C. § 1345.01, *et seq.* ("OCSPA").

50.  The debt which Calvary alleged Eric owed was a consumer transactions because it involved "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for the purposes that are primarily personal, family, or household, or solicitation to supply any of these things. OCSPA § 1345.01(A).

51.  Calvary is a "supplier" under OCSPA because Cavalry is "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." OCSPA § 1345.01(C).

52.  Eric is a consumer as defined by OCSPA because he engaged in consumer transactions with a supplier.

53.    Cavalry violated OCSPA because "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." OCSPA § 1345.02(A).

54.    The improper, illegal, and abusive debt collection practices of Cavalry and its fraudulent use of the Bankruptcy Court and the bankruptcy claims process to collect a time barred debt from Eric constitutes unfair and deceptive practices in violation of OCSPA.

55.    Cavalry violated OCSPA by making false representations in a legal proceeding that a legal obligation was owed by Eric.

56.    Eric has suffered actual damages due to the conduct of Cavalry and has incurred costs and attorneys' fees. Eric is entitled to an award of actual damages multiplied by three and non-economic damages including damages for mental anguish of $5,000 each.

57.    These violations of OCSPA are known violations and therefore Eric is entitled to recover reasonable attorney's fees and costs.

**WHEREFORE**, Eric prays for the entry of judgment in his favor and against Cavalry finding that Cavalry violated the Ohio Consumer Sales Practices Act, awarding Eric compensatory damages, statutory damages, costs and reasonable attorney's fees, and for such other and further relief as is just and proper.

## COUNT V
## OBJECTION TO CLAIM NO. 1-1

1-58. Plaintiff incorporates paragraphs 1-58.

59.     Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, Plaintiff objects to Claim No. 1-1.

**WHEREFORE**, Eric prays for the entry of judgment in his favor and against Cavalry sustaining his objection to Claim No. 1-1, awarding Eric costs and reasonable attorney's fees, and for such other and further relief as is just and proper.

*Respectfully submitted,*

*/S/ Marc E. Dann*

**Attorneys for the Debtor:**
Marc E. Dann (#0039425)
The Dann Law Firm Co., LPA
4600 Prospect Avenue
Cleveland, Ohio 44103
*email:* *notices@dannlaw.com*
Ph. (216) 373-0539
Fx. (216) 373-0536

Rusty A. Payton (#06201771)
PaytonDann
161 North Clark Street, Suite 4700
Chicago, Illinois 60601
*email:* *payton@paytondann.com*
Ph. (312) 702-1000
Fx. (312) 702-1000

# EXHIBIT A

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF OHIO | PROOF OF CLAIM |
|---|---|

**Name of Debtor:**
# Eric L Brandenburg

**Case Number:**
# 1441972

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
## Cavalry Investments, LLC as assignee of MIDFIRST BANK as assignee of FNANB BANK CARDS

Name and address where notices should be sent:

**Cavalry Investments, LLC**
**500 Summit Lake Drive, Ste 400**
**Valhalla, NY 10595**
Telephone number: **(914) 347-3440**     email:

Name and address where payment should be sent (if different from above):

**Cavalry Investments, LLC**
**P.O. Box 27288**
**Tempe, AZ 85282**
Telephone number:     email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**     $ **$587.40**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** **CREDIT CARD**
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
**6  0  2  6**

**3a. Debtor may have scheduled account as:**
_____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
**C P S C A V 1 4 4 1 9 7 2 O H N 1 5 4 9 6 0 2 6** _____
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate ☐Motor Vehicle ☐Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate**_____% ☐Fixed  or  ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

0154
MODIFIED B10 6/02

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☒ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Eric Weiss
Title:   Bankruptcy Specialist
Company:   Cavalry Portfolio Services, LLC     **/s/ Eric Weiss**      **9/25/2014**
Address and telephone number (if different from notice address above):    (Signature)      (Date)

Telephone number:      email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____ | _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq*.), and any applicable orders of the bankruptcy court.



# Statement Of Account

Eric L Brandenburg      3488 PRITCHARD OHLTOWN RD    NEWTON FALLS, OH 444449774

## Bankruptcy Rule 3001(c)(2)(A) Statement

| | |
|---|---|
| **Principal Due** | $587.40 |
| **Interest Due** | $0.00 |
| **All Other Charges** | $0.00 |
| **Filing Amount** | $587.40 |

## Bankruptcy Rule 3001(c)(3)(A) Statement

| | |
|---|---|
| **Name of the entity from whom the creditor purchased the account** | Midfirst Bank |
| **Name of the entity to whom the debt was owed at the time of the account holder's last transaction on the account** | FNANB BANK CARDS |
| **Last Transaction Date** | 08/20/1999 |
| **Last Payment Date** | 08/20/1999 |
| **Account Charge Off Date** | 04/11/2000 |

## ASSIGNMENT

This Assignment (this "<u>Assignment</u>") is made and entered into effective as of September 1, 2003, by and between Cavalry SPV I, LLC, a Delaware limited liability company ("<u>Assignor</u>"), and Cavalry Investments, LLC, a Delaware limited liability company ("<u>Assignee</u>"), with reference to the following facts and circumstances:

### Recitals

Assignor is a party to that certain Purchase and Sale Agreement dated and effective as of June 7, 2002 (the "<u>Purchase Agreement</u>") between Assignor and MidFirst Bank. Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Purchase and Agreement.

Assignor desires to assign, transfer and convey to Assignee all of Assignor's right, title, interest, and obligations under and with respect to the Purchase Agreement, the Transfer Documents and the Account Documents and its right, title, and interest in, under and to the Accounts and the Computer File purchased thereunder.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee hereby agree as follows:

1.     Assignor does hereby absolutely and irrevocably, without recourse, assign, transfer, and convey to Assignee all of Assignor's right, title, interest, and obligations under and with respect to the Purchase Agreement, the Transfer Documents and the Account Documents and its right, title, and interest in, under and to the Accounts and the Computer File purchased thereunder.

2.     Assignee hereby accepts the assignment and transfer of the Purchase Agreement, the Transfer Documents, the Account Documents, the Accounts and the Computer File and hereby assumes all of Assignor's rights, title, interest and obligations under and with respect to the Purchase Agreement, the Transfer Documents and the Account Documents and its right, title, and interest in, under, and to the Accounts and the Computer File.

3.     This Assignment shall be construed in accordance with the laws of the State of New York.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

IN WITNESS WHEREOF, the parties have executed this Assignment as of this 1st day of Sept, 2003.

ASSIGNOR:     CAVALRY SPV I, LLC

By: _____
     Name: Michael S. Godner
     Title:  Chief Financial Officer
           and Treasurer

ASSIGNEE:     CAVALRY INVESTMENTS, LLC

By: _____
     Name: Michael S. Godner
     Title:  Chief Financial Officer
           and Treasurer

2

## EXHIBIT B

## BILL OF SALE AND ASSIGNMENT OF ACCOUNTS

MidFirst Bank, a federally chartered savings association, (collectively, "Seller" or "Assignor") hereby absolutely sells, transfers, assigns, sets over and conveys to Cavalry, SPV I, LLC, a Delaware Limited Liability Company ("Assignee"), without recourse and without representations or warranties, express or implied, of any type, kind or nature, except as provided in the Purchase and Sale Agreement dated June 7, 2002:

(a) all of Assignor's right, title and interest in and to each of the Accounts identified in the Account Schedule attached hereto as **Exhibit "A"** (the "Accounts"), together with other evidence of indebtedness, if any; and

(b) all principal, interest or other proceeds of any kind with respect to the Accounts, but excluding any payments or other consideration received by or on behalf of Assignor on or before May 3, 2002, with respect to the Accounts.

This Bill of Sale is being executed and delivered pursuant to and in accordance with the terms and provisions of that certain Purchase and Sale Agreement made and entered into by and between the Seller, and the Buyer dated June 7, 2002, (the "Agreement"). The Accounts are defined and described in the Agreement and are being conveyed hereby subject to the terms, conditions and provisions set forth in the Agreement.

**This Bill of Sale shall be governed by the laws of the State of Oklahoma without regard to the conflicts-of-laws rules thereof.**

DATED: June 21, 2002

**SELLER: MIDFIRST BANK**

By: _Todd A. Dobson_
Name: Todd A. Dobson
Title: EVP & CFO

STATE OF Oklahoma )
                   ) ss.
COUNTY OF Oklahoma )

This Bill of Sale was acknowledged before me on the 21st day of June, 2002, by Todd Dobson as Attorney-in-Fact on behalf of Seller.

My Commission Expires: 11-14-'05

Notary Public in and for the State of Oklahoma  Sandra Blant

SEAL

26

Buyer
Seller _____

19
20
21
22
23

# EXHIBIT C

## BILL OF SALE AND ASSIGNMENT OF ASSETS

The undersigned Assignors ("Assignors") hereby absolutely sell, transfer, assign, set-over, quitclaim and convey to MIDFIRST BANK, a federally chartered savings association ("Assignee") on an "AS IS" and "WITH ALL FAULTS" basis, without recourse and without representations or warranties of any type, kind, character or nature, express or implied, except as otherwise set forth in writing by Seller, all of Assignor's right, title and interest in and to each of the Assets identified in the Asset schedule ("Asset Schedule") attached hereto as Exhibit B (the "Assets"), together with the right to collect all principal, interest or other proceeds of any kind with respect to the Assets remaining due and owing as of the date hereof (including but not limited to proceeds derived from the conversion, voluntary or involuntary, of any of the Assets into cash or other liquidated property, including, without limitation, insurance proceeds and condemnation awards), from and after the date of this Bill of Sale and Assignment of Assets.

DATED: ___7 / 16___ , 2001.

ASSIGNOR: FIRST NORTH AMERICAN NATIONAL BANK

By: _Danl P. Murray_____

Title: _Vice President_____

ASSIGNOR: CIRCUIT CITY STORES, INC.

By: _P Dunn_____

Title: _Treasurer_____

National Loan Exchange Corporation/NLEX™
06/25/01

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that MIDFIRST BANK ("Seller"), with respect to those certain purchased Accounts, described in that certain Purchase and Sale Agreement dated June 7, 2002 (the "Agreement") between Seller and Cavalry SPV I, LLC, ("Buyer"), hereby names, constitutes and appoints Buyer, or any of its authorized agents, employees or representatives, its duly authorized attorney and agent with limited power and authority to i) endorse checks and other negotiable instruments which may be received by the Buyer, ii) perfect, maintain, and release any security interests in the Accounts; iii) transfer and obtain any titles, evidence of ownership or Account Documents; iv) settle any insurance claims or litigation and apply for any insurance, warranty or sales tax refunds; v) terminate or modify any third party agreements; and vi) to perform any and all acts relating to the Accounts which the undersigned was entitled to do as the owner of said purchased Accounts.

EXECUTED this 21st day of June 2002

SELLER: MidFirst Bank

By: _____

Name: Todd A. Dobson

Title: EVP & CFO

STATE OF Oklahoma )
                   ) ss.
COUNTY OF Oklahoma )

This instrument was acknowledged before me on the 21st day of June, 2002 by Todd Dobson as Executive Vice President on behalf of MidFirst Bank.

_____
Notary Public in and for the State of Oklahoma

46

Buyer _____
Seller _____